**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4453-16T2

FRANK RUBURY,

    Plaintiff-Appellant,

v.

ROBERT WOOD JOHNSON UNIVERSITY
HOSPITAL, RONALD BAGNER, MD,
ANN JEANETTE GEIB, MD, JOSHUA
HONEYMAN, RN, DARNELL J. BROWN, RN,
FRANK E. CHIARAPPA, RN, JUDITH K.
AMOROSA, MD, PHILIP G. MURILLO, MD,
MARK P. BRAMWIT, MD, ROBERT AZIZI, MD,
IRWIN A. KELLER, MD, and BOB CHAI, MD,

    Defendants-Respondents,

and

ROBERT BROWN, RN, ARIANNE
ZAGNIT, RN, JOHNNY BERGACS, RN,
and VICTORIA MICHAEL,

    Defendants.

_____

Submitted September 13, 2018 – Decided January 10, 2019

Before Judges Simonelli and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-11363-14.

Dunne, Dunne & Cohen, LLC, attorneys for appellant (Frederick R. Dunne, III, of counsel and on the briefs).

Law Offices of Joseph A. DiCroce, LLC, attorneys for respondent Robert Wood Johnson University Hospital (Regina G. DiStefano, on the brief).

Krompier & Tamn, LLC, attorneys for respondent Ronald J. Bagner, MD (Jeffrey A. Krompier, of counsel and on the brief; Valerie N. Smaldone, on the brief).

Ruprecht Hart Weeks & Ricciardulli, LLP, attorneys for respondents Ann-Jeannette Geib, MD, Joshua Honeyman, MD, Darnell Brown, MD, Frank Chiarappa, MD, Philip Murillo, MD, and Robert Azizi, MD (David Parker Weeks, of counsel and on the brief; Jessica J. Mahony, on the brief).

Marshall Dennehey Warner Coleman and Goggin, attorneys for respondents Judith K. Amorosa, MD, Mark P. Bramwit, MD, Irwin Keller, MD, and Bob Chai, MD (Walter F. Kawalec, III, and Ryan T. Gannon, on the brief).

PER CURIAM

Plaintiff Frank Rubury appeals from four orders of the Law Division that collectively resulted in the dismissal with prejudice of his claims of medical malpractice. We affirm.

A-4453-16T2

I.

We derive the following facts from the record. Rubury alleges that on May 29, 2014, he was injured in a motor vehicle accident. He was transported by ambulance from the scene of the accident to the emergency department at Robert Wood Johnson University Hospital (RWJ Hospital). Plaintiff alleges that he was treated by a number of physicians, nurses, and other health care professionals, who diagnosed him as having sustained minor injuries and discharged him later that day.

Rubury alleges that the following day he was rushed by ambulance to the emergency department of Morristown Medical Center (MMC). There, Rubury alleges, he was diagnosed with several fractured ribs, a fractured sternum, and a rupture in his chest, which filled with blood. He alleges that he underwent emergency thoracic surgery to remove two liters of fluid from his chest, was hospitalized for ten days, and received six blood transfusions. After being discharged from MMC, Rubury spent twenty-two days in a medical facility recovering.

On December 2, 2014, Rubury filed a complaint alleging medical malpractice against only RWJ Hospital and fictitious defendants. On September 8, 2015, he filed an amended complaint alleging medical malpractice against

RWJ Hospital and fifteen individual defendants he alleges were involved in providing him medical care on May 29, 2014. Rubury's claims against RWJ Hospital and eleven of the individual defendants are before us. For our purposes, the individual defendants can be placed into three categories: (1) Ann-Jeannette Geib, M.D., Joshua Honeyman, M.D., Darnell Brown, M.D., Frank Chiarappa, M.D., Philip Murillo, M.D., and Robert Azizi, M.D. (collectively the State employee defendants); (2) Ronald Bagner, M.D.; and (3) Judith K. Amorosa, M.D., Mark P. Bramwit, M.D., Irwin A. Keller, M.D., and Bob Chai, M.D. (the University Radiology Group defendants).[1] On October 1, 2015, Rubury executed a stipulation of dismissal with prejudice of all direct claims against RWJ Hospital, while preserving his allegations of vicarious liability against that defendant.

On February 3, 2016, the State employee defendants filed an answer. On February 5, 2016, Bagner filed an answer. No answer was filed by the University Radiology Group defendants.

---

[1] Rubury also named as defendants Arianne Zagnit, R.N., Victoria Michael, E.M.T., H. Robert Brown, R.N., and Johnny Bergacs, R.N. On May 4, 2016, the trial court entered an order dismissing the claims asserted against those defendants. Rubury did not appeal from the May 4, 2016 order.

A-4453-16T2

On February 26, 2016, a court-generated notice was sent to all counsel stating that the amended complaint against the University Radiology Group defendants was subject to administrative dismissal for lack of prosecution because those defendants had not filed an answer and Rubury had not moved for entry of default against them. Counsel was given sixty days to take action required by Rule 1:13-7 or Rule 4:43-2 to avoid dismissal of the amended complaint against the University Radiology Group defendants.

During the sixty-day period that followed, no action was taken by the parties pursuant to Rule 1:13-7 or Rule 4:43-2. As a result, on April 29, 2016, the court administratively dismissed the amended complaint against the University Radiology Group defendants.

A.  Notice of Tort Claim.

On February 3, 2016, the State employee defendants moved to dismiss the claims alleged against them in the amended complaint because of Rubury's failure to comply with the notice requirements of the Tort Claim Act (TCA), N.J.S.A. 59:8-1 to -11. On September 12, 2016, Judge Arnold L. Natali, Jr., issued a comprehensive written opinion granting the motion. The court concluded that Rubury failed to serve a notice of claim within ninety days of the accrual of his cause of action, despite having been on notice that the State

employee defendants were State employees. See N.J.S.A. 59:8-8(a). Judge Natali rejected Rubury's argument that he substantially complied with the statute by sending an August 12, 2014 letter to the RWJ Hospital legal department. The court found that RWJ Hospital was not the State employee defendants' employer. See Caporusso v. N.J. Dep't of Health and Senior Servs., 434 N.J. Super. 88, 99 (App. Div. 2013) (noting that "the TCA requires that a claim be presented to a public agency within ninety days after accrual of the cause of action.") (quoting Greenway Dev. Co. v. Borough of Paramus, 163 N.J. 546, 552 (2000)); see also N.J.S.A. 59:8-8. In addition, the court observed that the letter misspelled Rubury's name, did not identify the State employee defendants by name, provided no meaningful details with respect to Rubury's alleged injuries, did not identify the date of his treatment, and omitted other information required by N.J.S.A. 59:8-4.

Finally, the court noted that Rubury did not seek leave to file a late notice of tort claim within a year of the accrual of his claims pursuant to N.J.S.A. 59:8-9. Thus, Judge Natali concluded, the court lacked jurisdiction to consider a request for leave to file a late notice of claim. See Iaconianni v. N.J. Tpk. Auth., 236 N.J. Super. 294, 298 (App. Div. 1979). Moreover, the court concluded that if Rubury had filed such a motion in a timely fashion the record would not

support a finding of extraordinary circumstances warranting leave to file a late notice. See N.J.S.A. 59:8-9. The court, therefore, dismissed the claims against the State employee defendants in the amended complaint with prejudice in an order filed on September 12, 2016.

B.    Affidavit of Merit.

On June 15, 2016, Bagner moved to dismiss the claims alleged against him in the amended complaint because of Rubury's failure to comply with the Affidavit of Merit (AOM) statute, N.J.S.A. 2A:53A-26 to -29. On June 21, 2016, the State employee defendants also moved to dismiss the claims alleged against them in the amended complaint because of Rubury's failure to comply with the AOM statute.

On September 13, 2016, Judge Natali issued a comprehensive written opinion granting the two motions. The court concluded that at the time defendants filed their motions, Rubury had not yet served an AOM on any of the individual defendants. At that point, both the sixty-day period for service of the affidavits and the one additional sixty-day period that may be granted by the court on good cause shown (for which Rubury had not applied) had expired. See N.J.S.A. 2A:53A-27. It was only after the defendants moved for dismissal of the amended complaint that Rubury served two AOMs on the defendants. Thus,

Judge Natali concluded that Rubury had failed to comply with the statutory time period for filing the affidavits.

In addition, the court reviewed the late served affidavits and determined that they did not comply with N.J.S.A. 2A:53A-41, at least with respect to Bagner. The court concluded that the affiants were not certified specialists in the same field as Bagner, rendering the affidavits deficient as to him. Judge Natali also rejected Rubury's claim that he substantially complied with the AOM statute, finding the affidavits to have been "exceedingly untimely" and substantively insufficient. The court entered an order granting defendants' motions on September 13, 2016.

C.    Vicarious Liability.

RWJ Hospital thereafter moved to dismiss the vicarious liability claims alleged against it in the amended complaint. RWJ Hospital argued that in light of the dismissal of all claims against the individual defendants, it was not possible for Rubury to establish vicarious liability on the part of the hospital. In addition, RWJ Hospital argued that Rubury failed to produce an expert report during discovery establishing negligence by any healthcare provider at the hospital and did not comply with the AOM statute as to RWJ Hospital.

A-4453-16T2

On January 11, 2017, Judge Natali issued a comprehensive written opinion granting RWJ Hospital's motion. The court concluded that Rubury failed to satisfy the AOM statute with respect to his vicarious liability claims. See McCormick v. State, 446 N.J. Super. 603, 614-15 (App. Div. 2016). Thus, the court concluded, Rubury was precluded from pursuing those claims. In addition, each of the claims against the individual defendants had already been dismissed, negating Rubury's ability to establish malpractice by the individual defendants for which RWJ Hospital could be found to be vicariously liable. As a result, on January 11, 2017, the court entered an order granting RWJ Hospital's motion.

D.    Motion to Reinstate Amended Complaint.

On February 3, 2017, Rubury moved to reinstate the amended complaint against the University Radiology Group defendants. As noted above, the court administratively dismissed the amended complaint against those defendants for lack of prosecution. Rubury argued that exceptional circumstances justified reinstating the amended complaint because his counsel was ill and unable to work for identified periods while Rubury's amended complaint was pending. In the alternative, Rubury argued that the court should relax the exceptional

9

circumstances requirement of <u>Rule</u> 1:13-7(a), and reinstate the amended complaint for good cause.

On June 7, 2017, Judge Natali issued a comprehensive written opinion denying Rubury's motion. The court concluded that Rubury did not establish extraordinary circumstances justifying his "extensive delay" in seeking reinstatement of the amended complaint. The court found that Rubury's counsel was absent from his office for short, intermittent periods, and that he actively represented Rubury in this matter both before and after those periods. In addition, the court found that it would be fundamentally unfair to reinstate the amended complaint because of the significant amount of time that had elapsed since Rubury's treatment at RWJ Hospital, and because Rubury's claims against the other individual defendants had been dismissed for his failure to comply with statutory requirements. Finally, Judge Natali declined to relax the extraordinary circumstances requirement of <u>Rule</u> 1:37-1(a) because "a reasonable interpretation of the complex of directly applicable rules meets the problem at hand." <u>See</u> <u>Robertelli v. N.J. Office of Atty. Ethics</u>, 224 <u>N.J.</u> 470, 483 (2016). On June 7, 2017, the court entered an order denying Rubury's motion.

This appeal followed. Rubury appeals the orders dated September 12, 2016, September 13, 2016, January 11, 2017, and June 7, 2017.

10

II.

We review the trial court's interpretation of the law and legal conclusions de novo. N.J. Div. of Youth & Family Servs. v. R.G., 217 N.J. 527, 552-53 (2014). The trial court's findings of fact will not be disturbed "when supported by adequate, substantial and credible evidence." Zaman v. Felton, 219 N.J. 199, 215 (2014) (quoting Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)). We review an order denying a motion to reinstate a complaint for lack of prosecution under the abuse of discretion standard. Baskett v. Cheung, 422 N.J. Super. 377, 382 (App. Div. 2011).

Having carefully reviewed the arguments in light of the record and applicable legal principles, we affirm the orders under appeal for the reasons stated in the thorough and well-reasoned written opinions of Judge Natali filed September 12, 2016, September 13, 2016, January 11, 2017, and June 7, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4453-16T2